IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TAKARRI WALLACE, #T3387**                                        **PETITIONER**

**VERSUS**                                      **CIVIL ACTION NO. 5:06cv89DCB-MTP**

**AL JOHNSON, et al.**                                          **RESPONDENTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner Takarri Wallace, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the Tallahatchie County Correctional Facility, Tutwiler, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  On September 11, 2006, Petitioner was ordered to file an amended petition to provide specific information regarding the exhaustion of his state court remedies.  On September 22, 2006, Petitioner filed his response [12-1].  As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed petitioner's allegations and has reached the following conclusions.

Petitioner was convicted of the sale of cocaine in the Circuit Court of Adams County, Mississippi, on March 23, 1998.  Petitioner states that his post-release supervision was revoked on June 13, 2005, by Circuit Court Judge Al Johnson.  As a result, the Petitioner was sentenced to serve 3 years in the custody of MDOC.  Essentially, the Petitioner complains that his post-release supervision was illegally revoked based on three grounds.  The Petitioner alleges that: (1) a "substance abuse urine/specimen analysis," was not conducted to confirm he was positive for drug use;  (2)  he did not have attorney representation at the revocation hearing;  and (3)  he was not arrested for a felony, as he claims was necessary for the revocation of his post-release

supervision and imposition of his suspended sentence. *Am. Pet*. [10], p.5-6. Petitioner states that he has not filed any petitions, applications or motions with respect to his conviction or post-release supervision revocation, in any court, state or federal, other than this habeas corpus petition. The Petitioner specifically states that he has not filed a motion for relief under the Mississippi Uniform Post-Conviction Collateral Relief Act. *Resp*. [12], p. 1-2.

It is a fundamental prerequisite to federal habeas relief that Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Petitioner has an available state court remedy under the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-91, et. seq. Specifically, the Act provides that a prisoner who claims that "his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody" may make a motion under this chapter. MISS. CODE ANN. §§ 99-39-5 (1)(g).

It is clear that Petitioner has not exhausted his available state remedies. A habeas Petitioner who has failed to exhaust all of his post-conviction remedies has not asserted a cognizable right to federal habeas relief under Section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997). As such, Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be dismissed, without prejudice, for Petitioner's failure to exhaust his available state remedies.

A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

SO ORDERED AND ADJUDGED, this the 5th day of October, 2006.

S/DAVID BRAMLETTE<br>
UNITED STATES DISTRICT JUDGE